FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 OCT 17 PM 4: 12

CLERK _____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JOHNNIE LEONARD ODUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-248 |
| ) | |
| BRYAN COUNTY, BRYAN COUNTY ) | |
| SHERIFF'S DEPT., BRYAN COUNTY ) | |
| JAIL, BRYAN COUNTY PUBLIC ) | |
| DEFENDER'S OFFICE, and ) | |
| OGEECHEE CIRCUIT PUBLIC ) | |
| DEFENDER'S OFFICE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Bryan County Jail, has submitted a complaint under 42 U.S.C. § 1983 and filed a motion for leave to proceed *in forma pauperis*. Plaintiff, however, is barred from proceeding *in forma pauperis* due to the three strikes provision of 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

> frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing fee when he initiates a suit. <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff has previously filed at least three complaints that have been dismissed under 28 U.S.C. § 1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant. See <u>Odum v. Ogeechee Public Defender's Office, et. al.</u>, 6:06-CV-00045-WTM-GRS, doc. 9, 11 (S.D. Ga. June 5, 2006) (dismissing pursuant to § 1915A for failure to state a claim); <u>Odum v. Bulloch County Public Defender's Office, et. al.</u>, 6:06-CV-00054-WTM-JEG, doc. 7, 9 (S.D. Ga. August 8, 2006) (dismissing

for failure to state claim); Odum v. City of Pembroke, Bryan County Police Dep't, et. al.,4:06-CV-00079-BAE-GRS, doc. 10, 15 (S.D. Ga, June 5, 2006) (dismissing under § 1915A).[1] These three cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's *in forma pauperis* petition should be denied and his complaint dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's alleges that he suffered an injury to his head on July 11, 2006 and that jail officials have refused to take him to a hospital. He further alleges that during the past thirteen months no one at the jail has been tested for tuberculosis. A federal court is not required to presume "imminent danger" whenever a prisoner complains of a medical issue. Here, plaintiff does not describe the nature or seriousness of his head injury or establish that, unless he receives the specific medical attention he is demanding, his condition will worsen or result in further injury. Cf. Brown v. Johnson, 387 F.3d 1344,

---

[1] Plaintiff's complaint was dismissed for numerous reasons, including failing to state a claim and seeking relief from immune defendants. See CV406-79, doc. 10.

1350 (11th Cir. 2004) (prisoner with HIV and hepatitis sufficiently alleged imminent danger of serious physical injury by contending that prison officials had withdrawn treatment for his HIV/hepatitis condition). Instead, plaintiff has merely alleged that he did not receive the treatment or evaluation that he prefers. Nor does plaintiff's allegation that jail officials are not performing tuberculosis tests constitute an "imminent danger" to his health. Doc. 1. Because plaintiff has not alleged that he is in imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis* and is required to pay the complete filing fee pursuant to § 1915(g).

For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 16TH day of October, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA